Matter of Singleton v Morton (2021 NY Slip Op 06068)





Matter of Singleton v Morton


2021 NY Slip Op 06068


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 156354/20 Appeal No. 14594 Case No. 2020-04922 

[*1]In the Matter of Antonio Singleton, et al., Petitioners-Respondents,
v
Barbara Morton, et al., Respondents-Appellants.


Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellants.
Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for respondents.



Order, Supreme Court, New York County (Eileen A. Rakower, J.) entered December 18, 2020, which granted the petition brought pursuant to Business Corporation Law (BCL) § 619 to set aside an election and directed that a new election be noticed within 30 days, unanimously affirmed, without costs.
The motion court properly set aside the election of directors of the 303 W. 122nd St. HDFC (the HDFC) (see BCL 402; Private Housing Finance Law art XI) held at the July 16, 2020 special meeting of the shareholders on the ground that there was no quorum at that meeting, as defined under the bylaws. The court properly ordered a new election without holding a hearing to determine the questions of fact stipulated by the parties (CPLR 409[b]) because respondents failed to raise a triable issue that, if resolved in their favor, would result in the determination that there was a quorum at the July 16, 2020 special meeting and election.
The parties agree that, under the bylaws, a majority of shareholders is required to constitute a quorum. The dispute, as stipulated by the parties, relates to the total number of shareholders present that is required to constitute a quorum. The parties agree that, for purpose of a quorum, there were at least 30 holders of outstanding shares at the time of the July 16, 2020 meeting. The question is whether the shareholders of another five apartments should have been factored into the calculation.
With respect to four of the apartments, the shareholders were deceased and no estates had been formed or administrators appointed. These four shareholders should be counted toward the quorum because the bylaws contain no exception for estates or unresolved claims for succession in determining a quorum, and the shares had not yet reverted to the HDFC. In support of their argument that these four shareholders should not have been counted toward the quorum, respondents rely on Kay v Southbridge Towers, Inc. (145 AD3d 576 [1st Dept 2016], lv denied 29 NY3d 904 [2017]). However, in Kay, the cooperative's offering plan expressly provided that shares held by estates were excluded from voting; that is not the case here.
As for the fifth apartment, the parties agree that the deceased shareholder's heir had been evicted and that the HDFC was in possession of the apartment. They disagree as to whether the shares had reverted to the HDFC. Contrary to petitioners' contentions, if the shares had reverted to the HDFC, as respondents contend, they would not count as "outstanding" shares for the purposes of a quorum.
Accordingly, the undisputed facts establish that the number of outstanding shareholders would be at least 34. Even under respondents' own count the 17 shareholders that attended the meeting is not a majority so as to effectuate a quorum at the July 16, 2020 special meeting and election.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021